1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SJON TORI MACKEY,

               Plaintiff,

     v.

PIERCE COUNTY JAIL, *et al*,

              Defendants.

Case No.  C07-5234FDB-KLS

ORDER TO SHOW CAUSE

     This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

     On May 10, 2007, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). On May 15, 2007, the Clerk sent plaintiff a letter informing him that he must provide a copy of his prison trust account statement showing transactions for the past six months by June 14, 2007, or this matter could be subject to dismissal. (Dkt. #2). Pursuant to 28 U.S.C. § 1915(a)(2):

     A prisoner seeking to bring a civil action or appeal a judgment in a civil action or

ORDER
Page - 1

proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. As noted by the Clerk, however, he did not do so, and to date still has not done so.

In addition, plaintiff states in his application to proceed *in forma pauperis* that during the past 12 months he received $200.00 a month in GAU benefits and another $159 in food stamps. However, he has not stated whether he expected to continue to receive such benefits. Indeed, peitioner has not stated the specific months he received those benefits or whether he currently continues to receive them. To that extent, his application is further deficient.

Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiencies by filing **no later than August 6, 2007**, (a) a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint, and (b) the information discussed above concerning the GAU and food stamp benefits he states he has received during the past 12 months. **Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 6th day of July, 2007.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge